CPIASEZ, Judge.
This suit for total and permanent disability benefits under the Workmen’s Compensation Act was instituted by the plaintiff, James Jackson, against the defendant, Red *38 Ball Motor Freight, Inc. The only issue presented to the Court for consideration in this matter is one of fact.
Plaintiff, a 38-year old man, was employed as a truck driver by the defendant and alleges that he received an injury to the lower back on July 23, 1962, when he fell from the rear-end of one of defendant’s trucks while loading it.
The defendant concedes that plaintiff had an accident on July 23, 1962, although there were no witnesses thereto, but disputes plaintiff’s claim of having been injured at that time.
Prior to the accident above referred to, plaintiff suffered a ruptured disc in the lower back as a result of an accident which occurred in January of 1961. Subsequent to a laminectomy in July, 1961, he was discharged from treatment. He had claimed additional compensation for that accident and that claim was settled only two months before the accident here sued on.
The physician to whom plaintiff was referred by defendant testified that he examined plaintiff fully and although he found no objective evidence of any injury, he treated him for a low back sprain for about three weeks. When plaintiff’s complaints continued he was referred to an orthopedic surgeon who was also unable to find any evidence of a low back injury.
Upon being discharged from treatment, plaintiff was referred to another orthopedic surgeon, Dr. E. T. Haslam, by his attorney. Dr. Haslam had examined plaintiff in connection with his previous compensation claim and his testimony at the trial of this matter was to the effect that the accident of July, 1962, caused an aggravation of the previous injury. His diagnosis was based on plaintiff’s complaints and on muscle spasm in the lower back. This was the only medical testimony for plaintiff.
In addition to the general practitioner who examined plaintiff immediately after the accident, two orthopedic surgeons (one of whom, Dr. Howard Karr, performed the laminectomy on plaintiff in July, 1961), testified for defendant. All agreed that plaintiff had received no injury in the accident on July 23, 1962. Plaintiff had, on numerous occasions subsequent to the laminectomy in 1961 and continuing up until this accident, complained of pain in his back. The only new symptom after this accident was the assumption of a bent posture by plaintiff when walking or standing. He stated that he was unable to straighten up after the accident. All the medical experts for defendant testified that such a posture was inconsistent with plaintiff’s claimed injury, as bending the back would aggravate rather than alleviate an injured spine or muscle sprain in the lumbo-sacral region.
Dr. Redler, an orthopedic specialist, examined plaintiff on three separate occasions and could find nothing wrong with him. Dr. John Andrews, the physican who treated plaintiff, could find no medical basis whatsoever for his complaints of extreme pain and his use of a cane. Dr. Karr described his posture as camptocarmia which he explained was the assumption of a bent back by one feigning an injury thereto, and stated it was a frequent finding in physical examinations of persons reluctant to serve during the war. All these doctors additionally testified to their having observed no muscle spasm of plaintiff’s lower back.
Dr. Haslam himself could not say to what extent plaintiff’s claimed disability might be attributable to the 1961 accident and operation therefor or to an aggravation of that injury. He was also unable to say whether or not plaintiff was disabled as of the date of the trial.
The trial judge, after carefully and attentively considering all of the evidence, rendered judgment in this case immediately upon its submission. The trial judge stated that he was convinced beyond a shadow of *39 a doubt that plaintiff was not disabled as a result of the accident of July 23, 1962, and dismissed his suit.
There appears to be nothing in the record to justify a reversal of the trial judge in this matter and, therefore, the judgment rendered will be affirmed.
Affirmed.